UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HON. TRACIE M. HUNTER,<br>    Plaintiff, | Case No. 1:15-cv-540<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| HAMILTON COUNTY, *et al.*,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff Tracie Hunter, a suspended judge of the Hamilton County, Ohio Juvenile Court, brings this pro se civil rights action against Hamilton County, Ohio and numerous other defendants under 42 U.S.C. § 1983; the Privacy Act of 1974, 5 U.S.C. § 552a; the Freedom of Information Act, 5 U.S.C. § 552; 42 U.S.C. § 1985; 42 U.S.C. § 1986; and state and common law.  (*See generally* Doc. 1).  This matter is before the Court on the motion to dismiss of defendant Honorable Beth Myers (Doc. 40), to which plaintiff has not responded.[1]

**I. Background**

Plaintiff is an African American female who was elected as a judge of the Hamilton County, Ohio Juvenile Court in November 2010.  However, plaintiff was not seated as a judge until May 25, 2012, following a lawsuit in this Court over the counting of provisional ballots.

---

[1] On November 10, 2015, defendant Myers filed her motion to dismiss. (Doc. 40). Thereafter, plaintiff was granted a stay of proceedings pending the resolution of plaintiff's state court criminal retrial. (Doc. 54). The stay was conditioned on the parties' filing a motion to reinstate the case on the Court's active docket within 30 days after the conclusion of plaintiff's state court criminal retrial. (*Id*.). As part of the stay, plaintiff was granted an extension of time of 30 days to respond to the pending motions to dismiss, including defendant Myers' instant motion, once the case was reinstated to the active docket. (*Id*.). On January 25, 2016, this case was reinstated to the Court's active docket and, in accordance with the Court's previous order, plaintiff was granted 30 days to respond to the motions to dismiss. (Doc. 60). On February 24, 2016, plaintiff requested a further extension of time of 60 days to respond to the pending motions to dismiss. (Doc. 69). Over the objections of defendants, the Court granted plaintiff's motion, giving plaintiff until April 25, 2016 to file her responses to the pending motions to dismiss. (Doc. 74). The Court's Order specified that "[n]o further extensions of time shall be granted in the absence of a showing of extraordinary circumstances." (*Id*. at 2). Plaintiff has not filed any responses to the pending motions to dismiss by the April 25, 2016 deadline, nor has she requested a further extension of time based on extraordinary circumstances by the April 25, 2016 deadline.

*See Hunter v. Hamilton County Board of Elections*, Case No. 1:10-cv-820 (S.D. Ohio).[2]

In 2014, plaintiff was indicted in the Hamilton County Court of Common Pleas on nine felony counts: two counts of tampering with evidence, two counts of forgery, two counts of having an unlawful interest in a public contract, two counts of theft in office, and one count of misuse of a credit card. *See State of Ohio v. Tracie Hunter*, Case Nos. B 1400110 and B1400199. Plaintiff was convicted on one count of having an unlawful interest in a public contract. The jury was unable to agree on a unanimous verdict as to the remaining counts and a mistrial on those counts was declared. Plaintiff's retrial on the remaining counts was scheduled to begin January 19, 2016. On the first day of plaintiff's retrial, the prosecuting attorneys dismissed the remaining charges against plaintiff. *Id.; see also State of Ohio v. Tracie M. Hunter*, Case No. B 1501273.

Meanwhile, plaintiff appealed her conviction for having an unlawful interest in a public contract to the First District Ohio Court of Appeals. The Court of Appeals affirmed plaintiff's conviction. *See State v. Hunter*, Nos. C-140684, C-140704, C-140717, 2016 WL 196972 (Ohio Ct. App. Jan. 15, 2016). Plaintiff then filed an appeal with the Ohio Supreme Court, which remains pending. Plaintiff has been suspended from the practice of law, *see In re Hunter*, 21 N.E.3d 1070 (Ohio 2014), and is disqualified from acting as a judge. *See In re Disqualification of Hunter*, 1 N.E.3d 432 (table) (Ohio 2014).

On August 18, 2015, plaintiff commenced this federal court action against 21 defendants alleging violations of her constitutional and state law rights. The defendants are Hamilton County, Ohio officials, former and current judges, the two special prosecutors from her criminal trial, and two court-appointed lawyers who were hired to defend plaintiff in lawsuits filed against her during her tenure as a juvenile court judge. The complaint alleges causes of action for civil rights violations, breach of contract, defamation, negligent and intentional infliction of emotional distress, malicious

---

[2] Federal courts may take judicial notice of proceedings in courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

prosecution, retaliation, unlawful discrimination, and conspiracy, among others.

As it relates to the instant motion to dismiss, the complaint alleges the following against defendant Myers:

- Defendant Myers knew that when defendant "Hendon's son-in-law Defendant Deters brought some of those lawsuits against [plaintiff], the law and a clear conflict of interest prohibited Defendant Deters from representing [plaintiff] and from hand picking counsel to represent [plaintiff]." (Doc. 1, ¶ 192).

- Defendant Myers appointed defendants Shiverdecker and Croswell as special prosecutors to investigate and indict plaintiff at the request and recommendation of the Hamilton County Prosecutor, defendant Deters; she knew they had never served as special prosecutors previously; and she knew that the special prosecutors were the "personal defense and divorce lawyers of Deters." (*Id*., ¶¶ 193-94, 196).

- Defendant Myers "knew that special prosecutors had routinely been assigned from outside Hamilton County, like Columbus and Dayton, and that special prosecutors were typically retained when the Hamilton County Prosecutor's office was clearly conflicted." (*Id.*, ¶ 195).

- "Defendant M[]yers provided an affidavit that Defendant Deters selected the special prosecutors despite knowing that Defendant Deters routinely disparaged Judge Hunter in the media and his office made the allegations central to the criminal charges brought against Judge Hunter when she allowed Defendant Deters to hand pick the special prosecutors." (*Id.*, ¶ 197).

- Defendant Myers and defendant County "knew that the laws were not followed in the illegal appointment and retention of Defendants Croswell and Shiverdecker as special prosecutors." (*Id*., ¶ 198).

- "Defendants Deters, County, and M[]yers knew that Defendants Bogen and Namei specialized in criminal law and immigration law, respectively, when they recklessly and negligently retained Namei and Bogen to defend Judge Hunter over her objection." (*Id*., ¶ 203).

Plaintiff brings the following claims against defendant Myers: (1) a violation of her Fourth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (*Id.*, ¶ 238); (2) state law claims of negligent and intentional infliction of emotional distress (*Id.*, ¶¶ 262-275); (3) retaliation and unlawful discrimination under Ohio Rev. Code § 4112 (*Id*., ¶¶ 288-295); and (4)

3

conspiracy under 42 U.S.C. § 1985 (*Id.*, ¶¶ 323-325).

## II. Defendant Myers' Motion to Dismiss

Defendant Myers seeks dismissal of plaintiff's complaint on several grounds. First, defendant Myers alleges that the Eleventh Amendment bars plaintiff's claims against her in her official capacity. Second, defendant alleges she is entitled to absolute immunity in both her official and individual capacity. Third, defendant alleges that plaintiff's complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## III. Legal standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and

4

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

### IV. Absolute judicial immunity

Plaintiff's claims against defendant Myers are barred by absolute judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). As the Supreme Court has explained:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Id.* at 554. Notably, absolute judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (internal quotation marks omitted). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Barrett v. Harrington,* 130 F.3d 246, 254 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 649 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1561 (2015) (judge

entitled to absolute judicial immunity even though actions "were petty, unethical, and unworthy of his office" where judge and court of common pleas had subject-matter jurisdiction over underlying criminal proceeding). Even where judicial actions are "egregious, unjustified, or misleading, the acts [a]re no less judicial." *Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) (citing *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stump*, 435 U.S. at 356-57). There are two exceptions to absolute judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (internal citations omitted).

In this case, defendant Myers' actions fall into two categories: the appointment of the special prosecutors in plaintiff's criminal action (Doc. 1, ¶¶ 192-198) and the appointment of defendants Namei and Bogen to represent plaintiff in her official capacity as a juvenile court judge in cases against plaintiff seeking writs of procedendo and prohibition. (*Id*., ¶ 203). Both categories involve judicial acts that are within defendant Myers' jurisdiction as an Ohio common pleas court judge and entitle her to absolute judicial immunity.

The appointment of counsel is an action taken by a judge in his or her judicial capacity and is one normally performed by a judge. Such appointments are judicial in nature and an integral part of the judicial process. This includes the appointment of a special prosecutor, *see Clemente v. Town of N. Greenbush*, No. 1:08-cv-0212, 2008 WL 1771934, at *1-2 (N.D.N.Y. Apr. 15, 2008) (appointment of special prosecutor in criminal action, which was authorized by statute, was within scope of judge's judicial function and entitled judge to absolute immunity); *cf. Lacey v. Maricopa Cty.*, 649 F.3d 1118, 1128-29 (9th Cir. 2011), *on reh'g en banc,* 693 F.3d 896 (9th Cir. 2012) (hiring of special prosecutor, which required evaluation of evidence and possible claims against defendant, was sufficiently tied to legal judgment and judicial

6

proceedings to justify absolute immunity), as well as the appointment of counsel under other circumstances. *See, e.g.*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 931 (9th Cir. 2012) ("Decisions related to appointments and removals in a particular matter will generally fall within the exercise of the judge's or prosecutor's judicial and quasi-judicial roles and are shielded from suit by absolute immunity."); *Davis v. Tarrant Cty., Texas*, 565 F.3d 214, 226 (5th Cir. 2009) (judge's selection of applicants to be included on a list eligible for court appointments was judicial in nature and inextricably linked to appointing counsel to a case, which is categorized as a judicial act); *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (judges performed judicial acts when they devised and implemented a system for appointing attorneys to handle juvenile delinquency matters); *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982) (act of appointing counsel is clearly a function normally performed by a judge); *Edwards v. Hare*, 682 F. Supp. 1528, 1531-32 (D. Utah 1988) ("The appointment of counsel is also an inherently judicial act.").

Defendant Myers' appointment of the special prosecutors (defendants Shiverdecker and Croswell) in plaintiff's criminal matters constitutes a judicial action normally performed by a judge. By entry dated September 17, 2013, defendant Myers granted the motion of the Hamilton County Prosecutor to appoint special prosecutors due to a conflict of interest that prevented the Prosecutor's office from proceeding with a criminal investigation. (*See* Doc. 38-3, Ex. 28). Defendant Myers had the inherent and statutory authority to appoint a special prosecutor to handle plaintiff's criminal case. The Ohio Supreme Court has determined that "[c]ourts of common pleas possess inherent power to appoint special prosecutors in criminal matters." *State ex rel. Master v. Cleveland*, 661 N.E.2d 180, 184 (Ohio 1996) (citing *State ex rel. Johnson v. Talikka*, 642 N.E.2d 353 (Ohio 1994); *State ex rel. Williams v. Zaleski*, 465 N.E.2d 861 (Ohio 1984); *State v. Bunyan*, 555 N.E.2d 980 (Ohio Ct. App. 1988)). This includes the inherent power to appoint a special prosecutor where a conflict of interest prevents the duly elected prosecuting

attorney from performing the duties of his office. *Bunyan*, 555 N.E.2d at 982. "Such a conflict of interest creates a situation where, under R.C. 2941.63[3], it would be in the public interest to allow the court of common pleas to utilize its broad discretion and appoint a 'special' prosecutor to represent the state." *Id.* Plaintiff's complaint alleges no facts indicating that defendant Myers did not have subject matter jurisdiction to appoint the special prosecutors or that that she performed non-judicial acts that somehow violated plaintiff's rights. *Stump*, 435 U.S. at 361-62.

Likewise, defendant Myers' appointment of special legal counsel (defendants Namei and Bogen) for plaintiff is an action that is protected by absolute judicial immunity. By entry dated August 28, 2013, the judges of the Hamilton County Court of Common Pleas granted the motion of the Board of County Commissioners of Hamilton County, Ohio and the Hamilton County Prosecutor seeking the appointment of special counsel to represent plaintiff in twenty pending cases against plaintiff in her official capacity as a juvenile court judge. (Doc. 30-4, Ex. D). Defendant Myers subsequently granted several more motions authorizing special counsel to represent plaintiff in her official capacity in new cases filed against her. (*Id.*). Such actions are unquestionably judicial actions which were taken pursuant to the statutory power of the common pleas courts to appoint special counsel under Ohio Rev. Code § 305.14[4], "which confers jurisdiction on common pleas courts and their judges to authorize a board of county commissioners to employ special counsel upon joint application of the prosecuting attorney and the board of county commissioners." *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 931 N.E.2d 98, 104 (Ohio 2010). Again, plaintiff's complaint

---

[3] Ohio Rev. Code § 2941.63 provides: "The court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court. The board of county commissioners shall pay said assistant to the prosecuting attorney such compensation for his services as the court approves."

[4] Section 305.14 provides exceptions to the general rule in Ohio Rev. Code § 309.09 under which the prosecuting attorney has a responsibility to represent county boards and officers and serve as their chief legal adviser. *See In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special Counsel*, 949 N.E.2d 84, 88 (Ohio Ct. App. 2011).

alleges no facts indicating that defendant Myers or the other judges of the common pleas court acted without jurisdiction in authorizing the appointment of special counsel or that defendant Myers performed non-judicial acts that somehow violated plaintiff's rights. *Stump*, 435 U.S. at 361-62. Therefore, defendant Myers is absolutely immune from civil liability for the actions alleged by plaintiff in her complaint.

Plaintiff also alleges that defendant Myers knew that when defendant "Hendon's son-in-law Defendant Deters brought some of those lawsuits against [plaintiff], the law and a clear conflict of interest prohibited Defendant Deters from representing [plaintiff] and from hand picking counsel to represent [plaintiff]" (*Id.*, ¶ 192). To the extent plaintiff may be alleging bias on the part of defendant Myers that infected the fairness of the selection of the special prosecutors, plaintiff's allegations of bias or misconduct do not render the actions of defendant Myers non-judicial. "[A] defendant cannot avoid the bar of judicial immunity by relying on non-judicial, out-of-court acts that may have affected in-court, judicial acts. Personal bias alone of a judge – when not serving in a judicial function – does not create a due-process violation." *King v. McCree*, 573 F. App'x 430, 441 (6th Cir. 2014) (granting judicial immunity even though judge engaged in sexual relationship with complaining witness in felony child-support case while also presiding over the case), *cert. denied,* 135 S. Ct. 1175 (2015). *See also Guttman v. Silverberg*, 167 F. App'x 1, 4-5 (10th Cir. 2005) ("Whether or not Judge Lang accepted ex parte communications, was biased against Guttman, or should have recused himself does not abrogate the immunity or render his acts nonjudicial."). Therefore, defendant Myers is absolutely immune from liability for the actions she allegedly took against plaintiff as set forth in the complaint.

Defendant Myers is also entitled to absolute immunity for her actions under Ohio law. Pursuant to Ohio Rev. Code § 2744.03(A)(7), "The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal

9

officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." Section 2744.03(A)(7) thus preserves the absolute immunity available to judges at common law. *Easterling v. Brogan*, No. 24902, 2012 WL 1484511, at *2 (Ohio Ct. App. April 27, 2012). Similar to federal law, Ohio common law grants absolute immunity to judges. "It is well-settled that a judge is immune from civil liability for actions taken in his judicial capacity when jurisdiction is proper." *Kelly v. Whiting*, 477 N.E.2d 1123, 1127 (Ohio 1985) (citing *Wilson v. Neu*, 465 N.E.2d 854 (Ohio 1984); *Voll v. Steele*, 47 N.E.2d 991 (Ohio 1943)). As explained above, defendant Myers is entitled to absolute judicial immunity for her actions in appointing the special prosecutors and special counsel. Therefore, plaintiff's state law claims are subject to dismissal on the basis of absolute immunity under Ohio common law.

### V. Eleventh Amendment Immunity

Finally, plaintiff has not stated a claim upon which relief may be granted to the extent she seeks to hold defendant Myers liable under § 1983 in her official capacity. The Eleventh Amendment does not bar § 1983 individual-capacity suits against state officials, who may be held personally liable for actions taken as part of their official duties that deprive a person of his constitutional rights. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). However, by the same token, it is well-settled that state officials, sued for monetary relief in their official capacities, are not "persons" within the meaning of § 1983. *Id.* at 25-26 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). As the Supreme Court has explained, "[a]lthough 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is not different from a suit against the State itself.'" *Id.* at 26 (quoting *Will*, 491 U.S. at 71). Therefore, because the Eleventh Amendment bars suits for money damages against the State, it also bars suits against

state employees sued in their official, as opposed to individual, capacities. *See Will*, 491 U.S. at 66-71; *see also Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).

The Hamilton County Court of Common Pleas is part of the Ohio state court system, created by the Ohio state legislature, and subject to the supervision of the Ohio Supreme Court. Ohio Rev. Code § 2301.01(A); Ohio Const., Art. IV § 4(A). The Sixth Circuit has determined that Ohio courts of common pleas are arms of the state for purposes of the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).[5] *See also Smith v. Grady*, 960 F. Supp.2d 735, 751 (S.D. Ohio 2013). Accordingly, the Hamilton County Court of Common Pleas is an arm of the state for purposes of Eleventh Amendment immunity, and a suit against Judge Myers in her official capacity is a suit against the state of Ohio. *See id.; Davis v. Jackson Cnty. Mun. Court*, 941 F. Supp.2d 870, 87879 (S.D. Ohio 2013). *Cf. Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 765 (6th Cir. 2010). As such, plaintiff's claims against defendant Myers in her official capacity are barred by the Eleventh Amendment.

**VI. Conclusion**

It is therefore **RECOMMENDED** that defendant Myers' motion to dismiss (Doc. 40) be **GRANTED** as she is entitled to absolute judicial immunity and Eleventh Amendment

---

[5] District courts within Ohio have acknowledged the unsettled nature of the law in this area following Supreme Court rulings focusing on whether the state would be legally liable for any judgment in a sovereign immunity analysis. *See Jones v. Prob. Court of Wayne Cty.*, No. 5:15-cv-1859, 2016 WL 231311, at *2 (N.D. Ohio Jan. 19, 2016) (citing *Akire v. Irving*, 330 F.3d 802, 812 (6th Cir. 2003) (in turn citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997); *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30 (1994)); *Ortiz v. Holmes*, No. 4:15-cv-1085, 2016 WL 199043, at *5 (N.D. Ohio Jan. 18, 2016); *Winston v. Franklin Cty.*, No. 2:10-cv-1005, 2013 WL 684742, at *6 (S.D. Ohio Feb. 25, 2013). In any event, the Sixth Circuit has not overruled its prior decisions finding state courts in Ohio to be arms of the state for purposes of Eleventh Amendment immunity. *Winston*, 2013 WL 684742, at *6 (citing *Triplett v. Connor*, 109 F. App'x 94, 96 n.4 (6th Cir. 2004) (while acknowledging "some doubt about the continued validity of *Mumford's* reasoning," the court held that "[w]e have not, however, decided that *Mumford* was incorrect")). And this Court has recently acknowledged the continued viability of *Mumford*. *See Smith v. Grady*, 960 F. Supp. 2d 735, 751 (S.D. Ohio 2013).

immunity for the actions alleged by plaintiff in her complaint.[6]


Date:  May 5, 2016                        s/Karen L. Litkovitz                    
                                                          Karen L. Litkovitz
                                                          United States Magistrate Judge

---

[6] The Court need not reach defendant Myers' other arguments relating to the dismissal of plaintiff's complaint as the defenses of absolute judicial immunity and Eleventh Amendment immunity are dispositive of her motion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HON. TRACIE M. HUNTER,  Case No. 1:15-cv-540
    Plaintiff,  Barrett, J.
  Litkovitz, M.J.
    vs.

HAMILTON COUNTY, *et al.*,
    Defendants.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).