UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HON. TRACIE M. HUNTER,                         Case No. 1:15-cv-540
     Plaintiff,                                  Barrett, J.
                                               Litkovitz, M.J.

     vs.

HAMILTON COUNTY, *et al.*,                     **REPORT AND**
     Defendants.                                 **RECOMMENDATION**


Plaintiff Tracie Hunter, a suspended judge of the Hamilton County, Ohio Juvenile Court, brings this pro se civil rights action against Hamilton County, Ohio and numerous other defendants under 42 U.S.C. § 1983; the Privacy Act of 1974, 5 U.S.C. § 552a; the Freedom of Information Act, 5 U.S.C. § 552; 42 U.S.C. § 1985; 42 U.S.C. § 1986; and state and common law.  (*See generally* Doc. 1).  This matter is before the Court on the first and second motions to dismiss for lack of prosecution of defendants Hamilton County, Ohio/Hamilton County Board of Commissioners, Hon. Greg Hartmann, Hon. Todd Portune, Hon. Chris Monzel, Hon. John M. Williams, Hon. Curt Kissinger, Constance Murdock, Dwayne Bowman, Laura Wickett, Hon. Joseph Deters, Ray Faller, Hon. Norbert Nadel, and Hon. Beth Myers[1] ("the County defendants") (Docs. 49, 80), to which plaintiff has not responded.

**I.  Background**

Plaintiff is an African-American female who was elected as a judge of the Hamilton County, Ohio Juvenile Court in November 2010.  However, plaintiff was not seated as a judge until May 25, 2012, following a lawsuit in this Court over the counting of provisional ballots.  *See Hunter v. Hamilton Cty. Bd. of Elections*, Case No. 1:10-cv-820 (S.D. Ohio).[2]

---

[1] On April 28, 2016 and May 5, 2016, the undersigned issued Reports and Recommendations that the motions to dismiss of Judges Nadel and Myers be granted.  (Docs. 84, 86).
[2] Federal courts may take judicial notice of proceedings in courts of record.  *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).  *See also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

In 2014, plaintiff was indicted in the Hamilton County Court of Common Pleas on nine felony counts: two counts of tampering with evidence, two counts of forgery, two counts of having an unlawful interest in a public contract, two counts of theft in office, and one count of misuse of a credit card. *See State of Ohio v. Hunter*, Case Nos. B1400110 and B1400199. Plaintiff was convicted on one count of having an unlawful interest in a public contract. The jury was unable to agree on a unanimous verdict as to the remaining counts and a mistrial on those counts was declared. Plaintiff's retrial on the remaining counts was scheduled to begin January 19, 2016. On the first day of plaintiff's retrial, the prosecuting attorneys dismissed the remaining charges against plaintiff. *Id.; see also State of Ohio v. Hunter*, Case No. B1501273.

Meanwhile, plaintiff appealed her conviction for having an unlawful interest in a public contract to the First District Ohio Court of Appeals. The Court of Appeals affirmed plaintiff's conviction. *See State v. Hunter*, Nos. C-140684, C-140704, C-140717, 2016 WL 196972 (Ohio Ct. App. Jan. 15, 2016). Plaintiff then filed an appeal with the Ohio Supreme Court. On May 18, 2016, the Ohio Supreme Court denied review. *See State v. Hunter*, No. 2016-0092, 2016-Ohio-3028 (Ohio May 18, 2016). Plaintiff has been suspended from the practice of law, *see In re Hunter*, 21 N.E.3d 1070 (Ohio 2014), and is disqualified from acting as a judge. *See In re Disqualification of Hunter*, 1 N.E.3d 432 (table) (Ohio 2014).

On August 18, 2015, plaintiff commenced this federal court action against 21 defendants alleging violations of her constitutional and state law rights. The defendants are Hamilton County, Ohio officials, former and current judges, the two special prosecutors from her criminal trial, and two court-appointed lawyers who were hired to defend plaintiff in lawsuits filed against her during her tenure as a juvenile court judge. The complaint alleges causes of action for civil rights violations, breach of contract, defamation, negligent and intentional infliction of emotional distress, malicious prosecution, retaliation, unlawful discrimination, and conspiracy, among others.

Plaintiff's 331-paragraph complaint alleges, *inter alia*, that the County defendants engaged in

the following unlawful conduct:

- intercepted personal and judicial emails;

- withheld and/or denied access to plaintiff's legal files;

- failed to disclose exculpatory evidence and impanel an impartial jury;

- falsified records;

- subjected plaintiff to grossly different and unprecedented case management and disciplinary standards than her predecessors or white judges when such actions were unsupported by law or policy;

- purposefully changed laws, rules, and policies with respect to plaintiff;

- used their positions to inflict severe emotional distress on plaintiff and created a hostile work environment through unequal application of the laws, rules, policies, and procedures governing the Hamilton County Juvenile Court;

- denied plaintiff's request for all emails between plaintiff and juvenile court staff and other records, but supplied plaintiff's emails, mail, and tapes to others when immediately requested;

- promulgated and disseminated to all employees, including plaintiff, express and written statements of policies, practices, and procedures upon which plaintiff reasonably relied to her detriment;

- falsely accused plaintiff of supplying medical and/or any confidential records to her brother Stephen Hunter when defendants knew that accusation was false, and in reckless disregard of the truth caused such statements to be published or disseminated through print and electronic media;

- negligently and intentionally caused plaintiff to suffer severe emotional distress under the stigma of being falsely accused and wrongfully convicted of a crime while holding a judicial office;

- subjected plaintiff to a pattern of discrimination and misconduct based, in whole or in part, on plaintiff's race;

- caused plaintiff to be prosecuted under false and malicious pretenses and misused their positions of power to deprive plaintiff of her rights;

- accused plaintiff of crimes after she filed ethics complaints against the Hamilton County Prosecutor's Office for misconduct in her courtroom;

- treated plaintiff differently than all elected officials and employees when she was

3

indicted, prosecuted and suspended for alleged conduct that when committed by
white elected officials and employees did not result in indictments, prosecution, and
suspension;

- deprived plaintiff of her liberty without due process of law by taking her into custody
  and holding her against her will after she was issued a summons and released on an
  own recognizance bond, and conducted an unreasonable search and seizure of her
  property;

- deprived plaintiff of the right to a fair trial and impartial jury by failing to follow
  the laws in both the grand jury and petit jury process;

- intentionally created an environment that was permeated with racially
  discriminatory intimidation, ridicule, and insult that was severe, pervasive, and
  hostile toward plaintiff;

- conspired to deprive plaintiff of her due process and equal protection rights; and

- failed to instruct, supervise, control, and discipline on a continuing basis other
  defendants in their official duties.

Plaintiff brings seventeen causes of action against the County defendants: (1) violations
of her Fourth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Doc. 1, ¶ 238);
(2) violations of the Privacy and Freedom of Information Acts (*Id.*, ¶¶ 241-247); (3) state law
claims of breach of contract and/or promissory estoppel (*Id.*, ¶¶ 250-253); (4) defamation (*Id.*, ¶¶
255-261); (5) negligent infliction of emotional distress (*Id.*, ¶¶ 263-265); (6) intentional infliction
of emotional distress (*Id.*, ¶¶ 267-275); (7) malicious prosecution (*Id.*, ¶¶ 277-279); (8) malicious
abuse of process (*Id.*, ¶¶ 281-287); (9) retaliation under Ohio Rev. Code Ch. 4112 (*Id.*, ¶¶ 289-
295); (10) unlawful discrimination under Ohio Rev. Code Ch. 4112 (*Id.*, ¶¶ 297-300); (11)
malpractice (*Id.*, ¶¶ 302-303); (12) violations of her Fourth Amendment rights (*Id.*, ¶¶ 305-307);
(13) violation of her Sixth Amendment rights (*Id.*, ¶¶ 309-312); (14) "detention and
confinement" under 42 U.S.C. § 1983 (*Id.*, ¶¶ 314-315); (15) hostile work environment (*Id.*, ¶¶
317-322); (16)  conspiracy under 42 U.S.C. § 1985 (*Id.*, ¶¶ 324-325); and (17) "refusing or
neglecting to prevent" the misconduct of other defendants by the County under 42 U.S.C. § 1986

(*Id.*, ¶¶ 327-331).

### II.  The County Defendants' Motions to Dismiss for Lack of Prosecution

The County defendants seek dismissal of plaintiff's case for lack of prosecution based on plaintiff's failure to file any responses in opposition to their motions to dismiss plaintiff's complaint on the merits (Docs. 38-45).  The County defendants argue that plaintiff delayed this action by requesting a stay of proceedings, challenging the reinstatement of the proceedings after the stay was lifted, and requesting extensions of time to respond to the motions to dismiss.  They contend that this delay, coupled with plaintiff's failure to file responses to their motions to dismiss, warrants dismissal of this action for plaintiff's failure to prosecute this case.

### III.  Resolution

On November 10, 2015, the County defendants filed eight motions to dismiss plaintiff's complaint.  (Docs. 38-45).  On November 16, 2015, the Court notified plaintiff that motions to dismiss had been filed by the County defendants in this case, citing specifically to Docs. 38, 39, 40, 41, 42, 43, 44, and 45.  The Court warned plaintiff that her "failure to file a memorandum in response to the motion[s] within 21 days from the date of service set forth in the certificate of service attached to the motion[s] may warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute."  (Doc. 47).

On December 17, 2015, the County defendants filed their first motion to dismiss for lack of prosecution based on plaintiff's failure to file responses in opposition to their motions to dismiss.  (Doc. 49).

On December 23, 2015, the Court granted plaintiff a stay of proceedings pending the resolution of plaintiff's state court criminal retrial.  (Doc. 54).  The stay was conditioned on the parties' filing a motion to reinstate the case on the Court's active docket within 30 days after the conclusion of plaintiff's state court criminal retrial.  (*Id.*).  As part of the stay, plaintiff was

granted an extension of time of 30 days to respond to the pending motions to dismiss, including the County defendants' motions to dismiss, once the case was reinstated on the active docket. (*Id.*).

On January 25, 2016, this case was reinstated on the Court's active docket and, in accordance with the Court's previous order, plaintiff was granted 30 days to respond to the motions to dismiss.  (Doc. 60).  On February 24, 2016, plaintiff requested a further extension of time of 60 days to respond to the pending motions to dismiss.  (Doc. 69).  Over the objections of defendants, the Court granted plaintiff's motion for extension of time, giving plaintiff until April 25, 2016, to file her responses to the pending motions to dismiss.  (Doc. 74).  The Court's Order specified that "[n]o further extensions of time shall be granted in the absence of a showing of extraordinary circumstances."  (*Id.* at 2).  Plaintiff did not file any responses to the County defendants' pending motions to dismiss by the April 25, 2016 deadline, nor did she request a further extension of time based on extraordinary circumstances by the April 25, 2016 deadline.  On April 26, 2016, the County defendants filed their second motion to dismiss for lack of prosecution.  (Doc. 83).  To date, more than 21 days later, plaintiff has failed to respond to this motion as well.

District courts have the inherent power to dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to prosecute warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--

operates as an adjudication on the merits.

Fed. R. Civ. P. 41.

The Sixth Circuit considers four non-dispositive factors in evaluating a dismissal under

Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *Id.*  Applying those four factors in this case, dismissal is appropriate.

The first and third factors weigh in favor of dismissal for lack of prosecution.  Upon the filing of the County defendants' motions to dismiss plaintiff's complaint on the merits, plaintiff was warned that her failure to file responses in opposition to the motions could result in the dismissal of her case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  (Doc. 47).  One month later, the County defendants filed their first motion to dismiss for lack of prosecution based on plaintiff's failure to oppose their motions to dismiss.  (Doc. 49).  Although plaintiff was ultimately granted a stay of these proceedings and an extension of time to respond to the County defendants' motions to dismiss on the merits, the filing of the County defendants' motion to dismiss for lack of prosecution again put plaintiff on notice of her duty to prosecute this action by responding to the motions to dismiss.  The County defendants' second motion to dismiss for lack of prosecution, which plaintiff has not opposed, provided yet another reminder of plaintiff's obligation to prosecute this action.

In addition, plaintiff was granted several extensions of time to respond to the County

defendants' motions to dismiss. Plaintiff was ultimately granted an extension of 90 days to file any memoranda in opposition to such motions. (Docs. 60, 74). The Court's March 31, 2016 Order warned plaintiff that the Court would not entertain any further extensions of time "in the absence of a showing of extraordinary circumstances." (Doc. 74 at 2). Despite these extensions of time, plaintiff has not filed any memoranda in opposition to the County defendants' motions to dismiss plaintiff's complaint on the merits, nor has she requested a further extension of time based on extraordinary circumstances. Because plaintiff was repeatedly informed of her duties to prosecute this action and granted multiple extensions of time to comply with those obligations, plaintiff's failure to file responses to any of the County defendants' motions to dismiss can only be characterized as willful.

The second factor also weighs in favor of dismissal. The County defendants have expended significant time and resources in filing their motions to dismiss on the merits of plaintiff's claims and based on plaintiff's failure to prosecute this action. Indeed, defendants submitted nearly 700 pages of briefing and materials in responding to plaintiff's 300-plus paragraph complaint and in support of their substantive motions to dismiss. This action has been pending since August of 2015 and the delays attributable to plaintiff have prolonged the resolution of the motions to dismiss and this case.

Finally, the fourth factor weighs in favor of dismissal because less drastic sanctions are not appropriate under the particular circumstances of this case. This is not a case where the unexcused actions of a lawyer would impose an unjust penalty on the client. *Knoll*, 176 F.3d at 363 (and cases cited therein). Here, plaintiff is proceeding pro se and is responsible for her own actions in this case. In addition, the special consideration given to pro se plaintiffs does not bar dismissal where the plaintiff fails "to adhere to readily comprehended court deadlines of which [s]he was well-aware." *Jourdan*, 951 F.2d at 110 (noting that the pro se plaintiff had

8

comprehended the significance of the deadlines because the plaintiff had sought extensions). Finally, while plaintiff is technically proceeding pro se in this case, she has been educated and trained as an attorney, and shortly before filing this case she was a practicing attorney and judge who was intimately familiar with court proceedings and the demands of litigation.  *See Johansen v. Presley*, 977 F. Supp. 2d 871, 876 (W.D. Tenn. 2013) (pro se attorneys who "possess[ ] a greater propensity and aptitude to comprehend the legal proceedings and applicable laws than a non-attorney pro se litigant would" are not granted "the leniency afforded to pro se litigants"); *Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007) (pro se attorney plaintiffs are "not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have knowledge of the legal system and need less protections from the court").  Allowing plaintiff to proceed with this action in the face of her failure to prosecute this case, respond to defendants' motions, and comply with the Court's orders would undermine the ability of the Court to effectively manage its docket.  *See* Fed. R. Civ. P. 41(b); *Knoll,* 176 F.3d at 363.  Our judicial system depends on a party's compliance with the Court's orders and procedural rules to allow the Court to facilitate fair and just resolutions of disputes submitted to the Court.  As plaintiff has not filed any responses to the County defendants' substantive motions to dismiss despite the extensions of time granted by the Court, dismissal of the complaint for plaintiff's failure to prosecute is warranted under the circumstances of this case.

**VI. Conclusion**

It is therefore **RECOMMENDED** that the County defendants' motions to dismiss for

lack of prosecution (Docs. 49, 80) be **GRANTED** and this matter be closed on the docket of the

Court.

Date:  May 24, 2016          s/Karen L. Litkovitz
                             Karen L. Litkovitz
                             United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HON. TRACIE M. HUNTER,                               Case No. 1:15-cv-540
      Plaintiff,                                  Barrett, J.
                                                     Litkovitz, M.J.
      vs.

HAMILTON COUNTY, *et al.*,
      Defendants.


### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).