UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HON. TRACIE M. HUNTER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:15cv540 |
| | ) | |
| vs. | ) | Judge Michael R. Barrett |
| | ) | |
| HAMILTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on Report and Recommendations ("R&R") of the Magistrate Judge (Docs. 82, 84, 85, 86, 87, 88). Plaintiff filed her Objection to the R&Rs (Doc. 91) and various Defendants filed Responses (Docs. 92, 93, 94, 95).

### I. BACKGROUND

The parties involved in this case have a complex history. The Magistrate Judge set forth in great detail the facts of this case, and the same will not be repeated here except to the extent necessary. Plaintiff, Tracie Hunter, is a suspended judge in the Hamilton County, Ohio Juvenile Court. On August 18, 2015, Plaintiff filed this *pro se* civil rights action against Hamilton County, Ohio and numerous other Defendants under 42 U.S.C. § 1983; the Privacy Act of 1974, 5 U.S.C. § 552a; the Freedom of Information Act, 5 U.S.C. § 552; 42 U.S.C. § 1985; 42 U.S.C. § 1986; and state and common law. (*See generally* Doc. 1). The chart below highlights the subsequent motions filed by Defendants in response to Plaintiff's Complaint:

| Title of Filing – Party (Doc. #) | Date Filed |
|---|---|
| Motion to Dismiss – Penelope Cunningham, Patrick Dewine, Patrick Dinkelacker, Sylvia Sieve Hendon, Lee H. | 9/11/15 |

| | |
|---|---|
| Hildebrant (Doc. 19) | |
| Motion to Dismiss – James Bogen (Doc. 30) | 10/30/15 |
| Motion to Dismiss – Firooz Namei (Doc. 36) | 11/10/15 |
| Motion to Dismiss – Scott Croswell, Merlyn Shiverdecker (Doc. 37) | 11/10/15 |
| Motion to Dismiss – Joseph Deters (Doc. 38) | 11/10/15 |
| Motion to Dismiss – Norbert Nadel (Doc. 39) | 11/10/15 |
| Motion to Dismiss – Beth Myers (Doc. 40) | 11/10/15 |
| Motion to Dismiss – John Williams (Doc. 41) | 11/10/15 |
| Motion to Dismiss – Hamilton County, Hamilton County Board of Commissioners (Doc. 42) | 11/10/15 |
| Motion to Dismiss – Hamilton County Public Defender Commission (Doc. 43) | 11/10/15 |
| Motion to Dismiss – Curt Kissinger (Doc. 44) | 11/10/15 |
| Motion to Dismiss for Failure to State a Claim – Dwayne Bowman, Constance Murdock, Laura Wickett (Doc. 45) | 11/10/15 |
| Motion to Dismiss for Lack of Prosecution – Dwayne Bowman, Joseph Deters, Hamilton County, Hamilton County Board of Commissioners, Hamilton County Public Defender Commission, Curt Kissinger, Beth Myers, Constance Murdock, Norbert Nadel, Laura Wickett, John Williams (Doc. 49) | 12/17/15 |
| Motion to Dismiss for Lack of Prosecution – James Bogen (Doc. 52) | 12/18/15 |

On October 17, 2015, Plaintiff sought to stay the case pending the resolution of her criminal proceedings. (Doc. 26). While her Motion to Stay was pending, Plaintiff did not file a response to any of Defendants' motions with one exception.[1] On December 23, 2015, the

---

[1] On December 5, 2015, Plaintiff filed her Memorandum in Opposition to Defendants' Shiverdecker and Croswell's Motion to Dismiss and Renewed Motion to Stay Civil Proceedings to Prevent Irreparable Harm (Doc. 48). Plaintiff's Memorandum generally argues that her complaint is sufficient to overcome a motion to dismiss for failure to state a claim, and discusses allegations asserted against various defendants, but ends by asserting that "Defendants' Motions to Dismiss and Memorandum in Opposition to Motion to Stay should be held in abeyance or alternatively denied. Accordingly, Judge Hunter respectfully requests this Court to stay all further proceedings and pleadings until after the underlying criminal trial has been resolved." (Doc. 48, PageID 2165).

2

Magistrate Judge granted Plaintiff's Motion to Stay (Doc. 26) pending resolution of Plaintiff's state court criminal trial. (Doc. 54). The stay was conditioned on the parties filing a motion to reinstate the case on the Court's active docket within 30 days after the conclusion of Plaintiff's state court criminal trial. (Doc. 54, PageID 2218). The Magistrate Judge further ordered Plaintiff to respond to Defendants' motions to dismiss within 30 days after reinstatement of the case to the Court's active docket. *Id.*

On January 22, 2016, pursuant to the Magistrate Judge's prior order, Defendants filed a Joint Motion to Reinstate Case on this Court's Active Docket. (Doc. 59). Their motion was granted on January 25, 2016. (Doc. 60). Accordingly, the Magistrate Judge ordered that Plaintiff respond to all 14 motions listed in the chart above, with a response due date of February 25, 2016. Plaintiff objected to the Magistrate Judge's order reinstating the case to the Court's active docket. (Doc. 62). The undersigned overruled Plaintiff's objection on March 2, 2016. (Doc. 71). The Court notes that when the case was reinstated to the active docket, it did not bar any request for an additional stay. (Doc 71, PageID 2473). In fact, while Plaintiff's objection was pending, she filed a Motion for Extension of Time, requesting a 60-day extension within which to respond to Defendants' motions to dismiss. (Doc. 69). The Magistrate Judge granted Plaintiff this requested extension of time – until April 25, 2016. (Doc. 74). The order specifically stated, "[n]o further extensions of time shall be granted in the absence of a showing of extraordinary circumstances." (Doc. 74, PageID 2488).

April 25, 2016 came and went without Plaintiff responding to any of Defendants' motions or requesting additional time. On April 26, 2016, Defendants Dwayne Bowman, Joseph Deters, Hamilton County, Hamilton County Board of Commissioners, Hamilton County Public Defender Commission, Curt Kissinger, Beth Myers, Constance Murdock, Norbert Nadel, Laura

3

Wickett and John M. Williams renewed their Motion to Dismiss for Lack of Prosecution.  (Doc. 80).  Defendants Penelope Cunningham, Patrick Dewine, Patrick Dinkelacker, Sylvia Sieve Hendon and Lee Hildebrant also filed a Motion to Dismiss for Lack of Prosecution.  (Doc. 81).  Defendant James Bogen also renewed his Motion to Dismiss for Lack of Prosecution.  (Doc. 83).  After Plaintiff's time to respond had run, the Magistrate Judge began issuing R&Rs in due course.  On May 25, 2016, Plaintiff filed her Objection to Magistrate Order.  (Doc. 89).  That filing was subsequently restricted by the Clerk due to an incorrect filing event.

On June 8, 2016, Plaintiff refiled her Objection to R&Rs.  (Doc. 91).  In that pleading, Plaintiff references her Memorandum in Support of Plaintiff's Motion for Leave to File Amended Complaint (Doc. 73).  The Court notes that Plaintiff did not tender a proposed Amended Complaint with this pleading.  Plaintiff generally avers that she has newly discovered evidence regarding Defendants' actions and proposes new, yet unspecified counts against Defendants.  However, in support of this contention, Plaintiff does not raise any new specific issues and fails to identify any new causes of action to be plead, but rather, Plaintiff repeats, generally, the allegations previously raised.  Plaintiff does not include any information that would be relevant to the pending motions to dismiss and the related R&Rs.  Many Defendants filed responses to Plaintiff's Objection.  (*See* Docs. 92, 93, 94, 95).

## II.     STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; see also 28 U.S.C.

§ 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   ANALYSIS

### A.  The Magistrate Judge's R&Rs

The Magistrate Judge's R&Rs analyze in great detail Defendants' numerous motions to dismiss.   With respect to Defendants Croswell and Shiverdecker, the Magistrate Judge recommends that their motion be granted because they are entitled to absolute immunity for the actions alleged in Plaintiff's Complaint.  (Doc. 82).  The Magistrate Judge's R&R with respect to Defendant Nadel concludes he is entitled to absolute judicial immunity.  (Doc. 84).  Defendants Cunningham, Dewine, Dinkelacker, Hendon, Hildebrant and Myers are likewise entitled to absolute judicial immunity according to the recommendation of the Magistrate Judge.  (Docs. 85, 86).  Further, the Magistrate Judge recommends that Plaintiff's claims against Defendants Bogen and Namei be dismissed for failure to state a claim upon which relief may be granted.  (Doc. 87).

Finally, dispositive of the entire case, the Magistrate Judge recommends granting the County Defendants' Motion to Dismiss for Lack of Prosecution.  (Doc. 88).  The Magistrate Judge correctly explained that the Sixth Circuit considers four non-dispositive factors in evaluating dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  The Magistrate Judge, in applying those four factors, concluded that dismissal was appropriate.

### B.  Plaintiff's Objection

Plaintiff initially objects to the Magistrate Judge's R&Rs, arguing it is unconstitutional to expect her to "respond to Defendants while she was being publicly berated, dehumanized and threatened by Defendants, who not only were in a position to control her freedom, but did control her freedom while Judge Hunter was attempting to protect her civil rights in this Court."  (Doc. 91, PageID 2649-2650).  Therefore, Plaintiff asks the undersigned to overrule all of the Magistrate Judge's R&Rs, and allow Plaintiff to respond to all of Defendants' motions to dismiss.  (Doc. 91, PageID 2650).  As noted above, when the case was reinstated to the active docket, requests for additional stays were not barred, and in fact, Plaintiff requested and received an additional 60 days, to April 25, 2016, to respond to the motions to dismiss.  Further extensions were barred in the absence of "extraordinary circumstances."  (Doc. 74, PageID 2488).  Plaintiff did not seek further extensions of time until after the Magistrate Judge ruled.  Plaintiff raises the issue of "extraordinary circumstances" in her Objection of June 8, 2016.  (Doc. 91).  The chart below summarizes the R&Rs issued, and includes relevant dates thereto:

| Report & Recommendation | Date R&R Filed | Date Objection to R&R Due Pursuant to Rule 72(b)(2) |
| --- | --- | --- |
| R&R Granting Motion to Dismiss – Croswell and Shiverdecker (Doc. 37). (Doc. 82). | 4/26/16 | 5/13/16 |
| R&R Granting Motion to Dismiss – Nadel (Doc. 39).  (Doc. 84). | 4/28/16 | 5/16/16 |

6

| | | |
|---|---|---|
| R&R Granting Motion to Dismiss – First District Court of Appeals Judges (Doc. 19).  (Doc. 85). | 4/28/16 | 5/16/16 |
| R&R Granting Motion to Dismiss – Myers (Doc. 40).  (Doc. 86). | 5/5/16 | 5/23/16 |
| R&R Granting Motions to Dismiss – Bogen (Doc. 30) and Namei (Doc. 36). (Doc. 87). | 5/10/16 | 5/27/16 |
| R&R Granting Motion to Dismiss for Lack of Prosecution – County Defendants (Docs. 49, 80).  (Doc. 88). | 5/24/16 | 6/10/16 |

On May 25, 2016, Plaintiff attempted to file her Objection to Magistrate's Order (Doc. 89), which was subsequently restricted by the Clerk due to an incorrect filing event.  On June 8, 2016, Plaintiff refiled her Objection.  (Doc. 91).  For purposes of calculating due dates for objections to each R&R, the Court uses the date of Plaintiff's first attempt – May 25, 2016.  As the chart demonstrates, only two of the six R&Rs were objected to in a timely manner.

Importantly, in this Objection, Plaintiff does not cite to any portion of any of the Magistrate Judge's R&Rs to which she specifically objects.  (*See generally* Doc. 91).  Plaintiff does not object to the Magistrate Judge's conclusion that many of the Defendants are entitled to absolute or judicial immunity.  Nor does she object to the Magistrate Judge's conclusion that her Complaint fails to state a claim against Defendants Bogen and Namei.  Instead, she explains in detail her physical and emotional duress suffered throughout her criminal cases at the hands of the Defendants.  While the Court does not wish to discount her ordeal, such facts are not sufficient to preserve issues for review, as a general objection to the entirety of the Magistrate Judge's R&Rs has the same effect as would a failure to object at all.  *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).  Accordingly, the Court finds that Plaintiff did not properly object to any part of the Magistrate Judge's R&Rs pursuant to Fed. R. Civ. P 72.

7

The Court is skeptical that Plaintiff objected to the Magistrate Judge's R&R granting County Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 88) at all[2]. That particular R&R is not listed, referenced or even mentioned in her Objection. However, even if Plaintiff intended to object to this R&R, the Court likewise concludes that Plaintiff failed to properly object. The Magistrate Judge analyzed in depth each of the four factors examined by courts when determining whether dismissal is appropriate under Fed. R. Civ. Pro. 41(b). Plaintiff does not specifically object to the Magistrate Judge's conclusions that: 1) Plaintiff's failure to file responses to any of the County Defendants' motions was willful; 2) the County Defendants were prejudiced by Plaintiff's delays; and 3) less drastic sanctions are not appropriate in this case. (Doc. 88, PageID 2632).

Instead of averring specific objections, Plaintiff asks this Court to grant her another extension of time, essentially for "extraordinary circumstances," when no such request was timely made to the Magistrate Judge. (Doc. 91, PageID 2650, 2655). As detailed above, however, the Magistrate Judge already granted Plaintiff numerous extensions. Specifically, the Magistrate Judge stayed Plaintiff's case entirely during the pendency of her criminal trial; gave Plaintiff 30 days to respond to Defendants' motions once the case was reinstated on the Court's active docket; and granted Plaintiff's request for a 60-day extension of time. Despite this, Plaintiff still failed to respond to all of Defendants' motions. Plaintiff also failed to adhere to other deadlines. For example, all of Plaintiff's initial deadlines to respond to Defendants' motions went unnoticed. Likewise, Plaintiff failed to respond to the newly filed motions to dismiss for lack of prosecution. (Docs. 80, 81, 83). Finally, as highlighted by the chart above, her Objection was untimely with

---

[2] Although, objections of a pro se litigant are to be construed liberally, the Magistrate Judge correctly notes that Plaintiff, while technically proceeding pro se, has been educated as an attorney, and was practicing as an attorney and judge not long before she filed this case. Therefore, Plaintiff is not entitled to the leniency generally afforded to pro se litigants. *See Johansen v. Presley*, 977 F. Supp. 2d 871, 876 (W.D. Tenn. 2013).

respect for four of the six R&Rs issued by the Magistrate Judge.  Nevertheless, Plaintiff asks this

Court to grant her relief pursuant to Federal Rule of Civil Procedure 60(b).  Federal Rule of Civil

Procedure 60(b) states:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR
> PROCEEDING. On motion and just terms, the court may relieve a
> party or its legal representative from a final judgment, order, or
> proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence,
>> could not have been discovered in time to move for a
>> new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic),
>> misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged;
>> it is based on an earlier judgment that has been reversed or
>> vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Notably, in order to obtain relief under Federal Rule of Civil Procedure 60(b), there must

be a final judgment, order, or proceeding.  A report and recommendation is not a final judgment,

order, or proceeding.  This is evidenced by the language in Federal Rule of Civil Procedure

72(b)(3), which states that a district judge "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  Fed. R. Civ. P. 72(b)(3).  Consequently, in order to be final, a report and

recommendation must be adopted by the district judge.  *Payne v. The Courier-Journal*, 193 F.

App'x 397, 400 (6th Cir. 2006).  When Plaintiff filed her Objection, the undersigned had not

adopted any of the Magistrate Judge's R&Rs and thus, there was not a final judgment or order. Accordingly, Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b) is premature, and the Court declines to consider whether such relief is appropriate at this time.

## IV.     CONCLUSION

Consistent with the foregoing, Plaintiff's Objection (Doc. 91) is **OVERRULED** and the Magistrate Judge's R&Rs (Docs. 82, 84, 85, 86, 87, 88) are **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1.  The Motion to Dismiss of Defendants Croswell and Shiverdecker is **GRANTED** (Doc. 37);

2.  The Motion to Dismiss of Defendant Nadel is **GRANTED** (Doc. 39);

3.  The Motion to Dismiss of Defendants Cunningham, Dewine, Dinkelacker, Hendon and Hildebrant is **GRANTED** (Doc. 19);

4.  The Motion to Dismiss of Defendant Myers is **GRANTED** (Doc. 40);

5.  The Motions to Dismiss of Defendants Bogen and Namei are **GRANTED** (Docs. 30, 36);

6.  The Motions to Dismiss of the County Defendants for Lack of Prosecution are **GRANTED** (Docs. 49, 80);

7.  Plaintiff's Motion for Leave to File Amended Complaint is **DENIED** (Doc. 73);

8.  All other pending motions (Docs. 38, 41, 42, 43, 44, 45, 52, 81, 83) are **DENIED** as moot; and

9.  This matter is **TERMINATED** from the docket of the Court.

**IT IS SO ORDERED.**

 s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court