UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HON. TRACIE M. HUNTER,  　　　　　　Case No. 1:15-cv-540
　　Plaintiff,　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

HAMILTON COUNTY, *et al.*,　　　　　　**REPORT AND**
　　Defendants.　　　　　　　　　　　　**RECOMMENDATION**

This matter is before the Court on defendant James Bogen's motion for sanctions (Doc. 98) to which plaintiff has not responded.

**I. Background**

Plaintiff is an African American female who was elected as a judge of the Hamilton County, Ohio Juvenile Court in November 2010. In 2014, plaintiff was indicted in the Hamilton County Court of Common Pleas on nine felony counts. *See State of Ohio v. Tracie Hunter*, Case Nos. B 1400110 and B1400199. Plaintiff was convicted on one count of having an unlawful interest in a public contract. The jury was unable to agree on a unanimous verdict as to the remaining counts and a mistrial on those counts was declared. Plaintiff's retrial on the remaining counts was scheduled to begin January 19, 2016. On the first day of plaintiff's retrial, the prosecuting attorneys dismissed the remaining charges against plaintiff. *Id.*; *see also State of Ohio v. Tracie M. Hunter*, Case No. B 1501273.

In the meantime, on August 18, 2015, plaintiff commenced this federal court action against 21 defendants, including defendant Bogen, a court-appointed lawyer who was hired to defend plaintiff in lawsuits filed against her during her tenure as a juvenile court judge. Plaintiff alleged the following causes of action against defendant Bogen: (1) a violation of her constitutional rights under 42 U.S.C. § 1983 based on defendant Bogen's withholding and/or denying access to plaintiff's legal files and failing to effectively defend and assist her in lawsuits

filed against her (Doc. 1, ¶ 238); (2) state law claims of negligent and intentional infliction of emotional distress (*Id.*, ¶¶ 262-75); (3) retaliation and unlawful discrimination under Ohio Rev. Code § 4112 (*Id.*, ¶¶ 288-300); (4) malpractice (*Id.*, ¶¶ 301-03); (5) unlawful detention and confinement under 42 U.S.C. § 1983 (*Id.*, ¶ 314); and (6) conspiracy under 42 U.S.C. § 1985 (*Id.*, ¶¶ 323-25).

Defendant Bogen filed a motion to dismiss plaintiff's complaint against him for failure to state a claim for relief. (Doc. 30). Plaintiff did not file a response. Defendant Bogen also filed a motion to dismiss for lack of prosecution in December 2015 and a second motion to dismiss for lack of prosecution in April 2016. (Docs. 52, 83).[1]

On May 10, 2016, the undersigned recommended that defendant Bogen's motion to dismiss be granted. (Doc. 87). As to plaintiff's § 1983 claim concerning the quality of defendant Bogen's representation and alleged failure to provide plaintiff with her legal files, the undersigned found that plaintiff failed to state a claim for relief because "it is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case." (*Id.* at 9) (quoting *Adams v. Vidor*, 12 F. App'x 317, 319 (6th Cir. 2001)). Plaintiff failed to state a claim of negligent infliction of emotional distress because she did not allege an awareness of "real physical danger to herself or another." (*Id.* at 10) (quoting *Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008)). Plaintiff failed to state a claim of intentional infliction of emotional distress because: (1) she did not allege that defendant Bogen intended to cause her emotional distress or knew or should have known that his alleged actions would result in serious emotional distress; (2) defendant Bogen's alleged actions did not go "beyond all possible bounds of decency"; and (3) she did not allege that defendant Bogen's alleged actions were the proximate

---

[1] Thirteen County defendants also filed a motion to dismiss for lack of prosecution in December 2015 and a second motion to dismiss for lack of prosecution in April 2016. (Docs. 49, 80). Plaintiff did not file a response to any of the motions to dismiss for lack of prosecution.

cause of the criminal prosecution that was the source of her alleged emotional distress. (*Id.* at 11) (quoting *Pyle v. Pyle*, 463 N.E.2d 98, 103-04 (Ohio Ct. App. 1983)). The undersigned found that plaintiff's claims of unlawful discrimination and retaliation under Ohio Rev. Code § 4112 were not plausible on their face as to defendant Bogen because plaintiff made no allegations against defendant Bogen that suggested he accused her of crimes or was involved in her employer's alleged wrongful harassment and suspension of her. (*Id.* at 11-12). The undersigned also found that plaintiff's malpractice claim was barred by the statute of limitations. (*Id.* at 12-13). Further, the undersigned found that plaintiff failed to allege sufficient factual matter concerning defendant Bogen from which one could draw the "reasonable inference" that he was liable for her alleged unlawful detention and confinement. (*Id.* at 13). Finally, the undersigned found that plaintiff's conclusory allegation that all defendants in this action conspired to deprive her of her rights of due process and equal protection was insufficient to state a claim for relief under § 1985. (*Id.*).

In September 2016, the Court adopted the undersigned's report and recommendation and granted defendant Bogen's motion to dismiss. (Doc. 96). The Court denied as moot defendant Bogen's motions to dismiss for lack of prosecution. (*Id.* at 10).[2]

## II. Defendant Bogen's Motion for Sanctions

Defendant Bogen seeks sanctions against plaintiff under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power. (Doc. 98 at 1). Defendant Bogen argues that the bad faith requirement for sanctions under Rule 11 and § 1927 is met because plaintiff "brought this case, at least in part, to attempt to obtain a tactical advantage in underlying criminal proceedings." (*Id.* at 5). He alleges that plaintiff's motive for filing this lawsuit was to obtain the recusal of Judge

---

[2] The Court also granted the County defendants' motions to dismiss for lack of prosecution and terminated the case. (*Id.*).

3

Patrick Dinkelacker, another defendant in this federal court action, from her state court criminal proceedings. (*Id.* at 2).

Defendant Bogen also argues the Court's Order dismissing plaintiff's action "serves as *res judicata* on the points" raised in his sanctions motion. He alleges that the Court granted the County defendants' motions to dismiss for lack of prosecution on the basis that plaintiff's failure to file a response to the County's motions was willful; the County defendants were prejudiced by plaintiff's delays; and sanctions less drastic than dismissal were not appropriate. (*Id.* at 5; *see also* Doc. 96 at 8).

Defendant Bogen further argues that plaintiff's complaint was unintelligible and failed to state a claim for relief and that plaintiff made repeated requests to delay the proceedings in this case. (*Id.* at 6). He has attached to his motion a copy of a letter he sent to plaintiff in October 2015, which informed plaintiff of his intention to file a motion for sanctions if she did not dismiss her claims against him within 21 days. (Doc. 98-1 at 19).

Finally, defendant Bogen has attached the declaration of attorney Robert A. Winter, Jr., who attests his belief that no reasonable attorney would find plaintiff's lawsuit against defendant Bogen to be "warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." (Doc. 98-2 at ¶ 4). Mr. Winter further opines that plaintiff's "repeated failure to meet deadlines, and to respond at all to Mr. Bogen's motions, unreasonably and vexatiously multiplied the litigation . . . , causing Mr. Bogen to incur unnecessary attorney fee expenses." (*Id.* at ¶ 5).

### III. Defendant Bogen's Motion For Sanctions Should Be Denied

#### A. Sanctions under Rule 11

Fed. R. Civ. P. 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper

4

purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing Fed. R. Civ. P. 11(b)(1)-(3)). The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). A court may not rely on "the wisdom of hindsight" in determining whether the challenged conduct was reasonable under the circumstances; rather, the court must determine what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citation omitted).

A party seeking sanctions under Rule 11 must follow a two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder*, 109 F.3d at 294. This process, known as the "safe harbor" provision, is an "absolute requirement." *Id.* at 296.

In this case, on October 26, 2015, defendant Bogen sent plaintiff a preliminary version of the motion for sanctions along with a letter asking plaintiff to dismiss her claims against him. (Doc. 98-1 at 19-26). However, the motion that defendant Bogen filed with the Court on September 19, 2016 is not the same motion that defendant Bogen attached to the October 2015 safe harbor letter to plaintiff. The present motion includes a new argument for sanctions (i.e., one based on *res judicata*) which is premised on actions that occurred *after* defendant Bogen initially filed his safe harbor letter. In addition, the sanctions motion filed with the Court, unlike the one served on plaintiff, seeks sanctions based on the Court's inherent authority in addition to the bases raised in the preliminary motion. Defendant Bogen has presented no evidence that he

5

served plaintiff with a copy of the instant motion 21 days before filing it and therefore he has not satisfied the safe harbor provision of Rule 11. *See* Rule 11(c)(2) ("A motion for sanctions must be made separately from any other motion and . . . must be served under Rule 5. . . .").

Assuming, *arguendo*, that Rule 11's safe harbor provision has been met, sanctions should nevertheless be denied on the merits. Defendant Bogen contends that plaintiff brought the instant lawsuit to gain a tactical advantage in her underlying state court criminal proceeding by seeking the recusal of the presiding trial court judge, thereby demonstrating bad faith in bringing this action. However, the alleged bad faith motive ascribed to plaintiff in this regard has no bearing whatsoever on the unrelated claims plaintiff brought against defendant Bogen. Defendant Bogen has failed to allege any facts showing that plaintiff brought her claims against him in bad faith or that she had an improper purpose in filing this action against him.

Defendant Bogen's argument that the Court's dismissal of plaintiff's claims against the County defendants amounts to *res judicata* for sanctions purposes is also unavailing. Defendant Bogen has made no attempt to explain his argument in this regard or cite any relevant legal authority demonstrating that plaintiff's failure to respond to the County defendants' motions to dismiss amounts to sanctionable conduct vis-à-vis defendant Bogen.

Moreover, while the Court determined that plaintiff's claims were in fact subject to dismissal, they were not so deficient as to warrant sanctions under Rule 11:

> Despite th[e] broad authority [provided in Rule 11], this Court has long subscribed to the notion that sanctions should be imposed for persisting in a claim after its meritlessness becomes obvious, rather than for merely pleading a claim that eventually proves to be meritless.

*Shuttlesworth v. Housing Opportunities Made Equal,* 873 F. Supp. 1069, 1082 (S.D. Ohio 1994). *See also Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-CV-993, 2011 WL 3566154, at *3

6

(S.D. Ohio Aug. 12, 2011), *aff'd on other grounds,* 773 F.3d 764 (6th Cir. 2014). The Sixth Circuit has cautioned against imposing Rule 11 sanctions at the pleading stage:

> As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint. . . . At the pleading stage in the litigation, ordinarily there is little or no evidence before the court at all, and such facts as are alleged, must be interpreted in favor of the nonmovant. While a party is bound by Rule 11 to refrain from filing a complaint "for any improper purpose," from making claims "[un]warranted by existing law," or from making "allegations and other factual contentions [without] evidentiary support," *see* Fed. R. Civ. P. 11(b)(1)-(3), making those determinations is difficult when there is nothing before the court except the challenged complaint. . . . "Rule [11] must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Id.* Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *McGhee v. Sanilac County,* 934 F.2d 89, 92 (6th Cir. 1991) (quoting Fed. R. Civ. P. 11 advisory committee's note).

*Tahfs v. Proctor*, 316 F.3d 584, 594-95 (6th Cir. 2003). Accordingly, "[a] complaint does not merit sanctions under Rule 11 simply because it merits dismissal pursuant to Rule 12(b)(6)." *Id.* at 595. *See also Prater v. Livingston Ave. Child Care, LLC*, No. 2:14-cv-490, 2015 WL 1439322, at *9 (S.D. Ohio Mar. 27, 2015) ("While Plaintiff's complaint failed to allege the predicate acts showing a pattern of racketeering with the requisite specificity, this Court finds that Plaintiff's federal RICO claim is not frivolous simply because it failed to state a claim."); *Farmer v. City of Cincinnati*, No. 1:04-cv-080, 2007 WL 782159, at *2 (S.D. Ohio Mar. 13, 2007) ("That the Court determined to grant [the defendant's] Rule 12(b)(6) dismissal motion does not mean that Rule 11 sanctions are warranted."). Plaintiff's complaint is not frivolous simply because it fails to state a claim for relief or is inartfully pled. Plaintiff's conduct in this case is not so egregious that it rises to a level of abuse warranting sanctions under Rule 11. For these reasons, defendant Bogen's motion for Rule 11 sanctions should be denied.

### B. Sanctions under 28 U.S.C. § 1927 and inherent power sanctions

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . .who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ridder*, 109 F.3d at 298 (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)). "Simple inadvertence or negligence," however, will not support sanctions under § 1927. *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* (quoting *Ruben*, 825 F.2d at 984). "[A]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Id.* at 299 (quoting *Jones*, 789 F.2d at 1232).

Sanctions under § 1927 are not warranted in this case because plaintiff is proceeding pro se and § 1927 does not apply to pro se litigants. By its terms, § 1927 applies to an "attorney or other person admitted to conduct cases in any [U.S.] court." 28 U.S.C. § 1927. The plain language of the statute suggests that sanctions under § 1927 are limited to attorneys and not pro se litigants. The Sixth Circuit has not directly addressed whether sanctions under § 1927 may be imposed on pro se litigants. However, as recognized by one district court within the Sixth Circuit, a recent decision from the court of appeals strongly suggests that sanctions under § 1927 are limited to attorneys:

8

> Although the Sixth Circuit has not squarely addressed the issue, language in a recent decision focusing on a court's power to sanction attorneys indicates that the Sixth Circuit would likely join other circuits in holding that non-lawyer pro se litigants cannot be ordered to cover an opponent's costs and fees under section 1927. In *Rentz v. Dynasty Apparel Indus., Inc.*, a panel of the Sixth Circuit recognized in dicta that the term "attorney or other person admitted to conduct cases in any [U.S.] court" did not apply to a represented party or a law firm. 556 F.3d 389, 395-96 n. 6 (6th Cir. 2009). The panel narrowly construed the statute there and confined it to attorneys, and not law firms or parties. This approach suggests the Sixth Circuit would likewise preclude sanctions against a pro se litigant like Li, who is neither an attorney, nor admitted to practice law before a court.
>
> The Sixth Circuit's standard for section 1927 sanctions—limiting sanctionable conduct to conduct that "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party"—also demonstrates that the concern under section 1927 is with attorney conduct. *Id*. at 396 (emphasis added).
>
> Other circuits have concluded that a court may not award fees against pro se litigants under 28 U.S.C. § 1927. *See, e.g., Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992); *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996); *Balcar v. Bell and Assocs. LLC*, 295 F. Supp.2d 635, 640 (N.D.W.Va. 2003), *but see Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). This conclusion results from the congressional intent gleaned from the statute's employment of the language "attorney or other person admitted to conduct cases in any court," which implies that it is unlikely that Congress intended the phrase "other person" to include "a person lacking lawyer-like credentials." *Sassower*, 973 F.2d at 80. The Second Circuit in *Sassower* also reached its conclusion based on its reading of *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), in which the Supreme Court "recounted, without disagreement, a District Court's assertion that section 1927 'applies only to attorneys.'" *Id*. (quoting *Chambers*, 501 U.S. at 41-42).

*Li v. Recellular, Inc.*, No. 09-cv-11363, 2010 WL 1526379, at *8 (E.D. Mich. Apr. 16, 2010) (footnote omitted).

The undersigned adopts the well-reasoned opinion in *Li* and finds that § 1927 sanctions may not be imposed on a pro se litigant like plaintiff. While the undersigned recognizes that plaintiff was trained as an attorney, her license has been suspended, she is no longer a practicing attorney, and she is proceeding pro se in this case. *See In re Hunter*, 21 N.E.3d 1053 (Ohio

9

2014) (suspending plaintiff from the practice of law). As such, the Court should decline to impose sanctions on plaintiff under § 1927.

Even if the Court determined that it has the authority to impose sanctions on plaintiff under § 1927, the undersigned would nevertheless recommend that such sanctions be denied. Plaintiff's conduct in bringing her claims against defendant Bogen does not rise to a sanctionable level. As discussed above, defendant Bogen has not shown that plaintiff's pursuit of her claims against him was done in bad faith or for some improper purpose. Likewise, the fact that plaintiff's claims were dismissed for failure to state a claim for relief is not tantamount to a finding that her claims against defendant Bogen were legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989) ("a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit").

Finally, sanctions are not warranted under the Court's inherent power. Courts have the "inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta*, 307 F.3d at 512 (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)) (internal quotation marks omitted). Because defendant Bogen has failed to demonstrate that plaintiff brought her claims against him in bad faith, vexatiously, wantonly, or for oppressive reasons, the Court should decline to impose sanctions under its inherent authority.

## V. Conclusion

Based on the foregoing, it is **RECOMMENDED** that defendant Bogen's motion for sanctions be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 1/3/2017

Karen L. Litkovitz
United States Magistrate Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HON. TRACIE M. HUNTER,
    Plaintiff,

vs.

HAMILTON COUNTY, *et al.*,
    Defendants.

Case No. 1:15-cv-540
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).